1  Sandra A. Crawshaw-Sparks, SBN 291101
   <scrawshaw@proskauer.com>
2  Jennifer L. Jones, SBN 284624
   <jljones@proskauer.com>
3  Tracey L. Silver, SBN 287745
   <tsilver@proskauer.com>
4  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
5  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
6  Facsimile:    (310) 557-2193

7  Attorneys for Plaintiff
   National Academy of Recording Arts &
8  Sciences, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13  NATIONAL ACADEMY OF              )   Case No. 2:15-cv-6889
    RECORDING ARTS & SCIENCES, INC., )
14  a Delaware corporation,          )
                                     )   **COMPLAINT FOR DAMAGES
15              Plaintiff,           )   AND INJUNCTIVE RELIEF**
                                     )
16          v.                       )   **DEMAND FOR JURY TRIAL**
                                     )
17  POWER MUSIC, INC., a Nevada      )
    corporation,                     )
18                                   )
                Defendant.           )
19  _____ )

20

21

22

23

24

25

26

27

28

Plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®"), by its attorneys, Proskauer Rose LLP, for its complaint against defendant Power Music, Inc. ("Power Music" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a complaint for trademark infringement, unfair competition, false advertising and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and trademark infringement, trademark dilution, false advertising, and unfair or deceptive business practices under state law arising out of Defendant Power Music's unauthorized marketing and sale of various "GRAMMY Tribute" albums, including among others the recent albums entitled, "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013."

## THE PARTIES

2.      The Recording Academy is a Delaware not-for-profit corporation with its principal place of business located at 3030 Olympic Boulevard, Santa Monica, California 90404.  The Recording Academy has over 18,000 members.  For more than 50 years The Recording Academy has represented the individuals who contribute to the creation and exploitation of recorded music, including recording artists, musicians, songwriters and record producers.  Among other activities, The Recording Academy presents the GRAMMY® Awards, the only peer-presented awards that honor artistic achievement in the music industry.  The Recording Academy is the owner of the trademark GRAMMY®.

3.      On information and belief, Defendant Power Music, Inc. is a Nevada corporation with its principal places of business located at 112 North Curry Street, Carson City, Nevada 89701 and at 380 North 200 West #105, Bountiful, Utah 84010. Upon further information and belief, Power Music, Inc. creates and produces

pre-recorded music media and music downloads, which it sells throughout the United States, including in California.

4.    Defendant is not affiliated with The Recording Academy, and The Recording Academy has not consented to, sponsored, endorsed, or approved of Defendant's use of the GRAMMY trademark in connection with the production, marketing, or sale of any products or services.

## JURISDICTION AND VENUE

5.    This action arises under the Lanham Act, a federal statute codified at 15 U.S.C. §§ 1051, *et seq*., and California state law.

6.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

7.    The Recording Academy is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because (i) Power Music, Inc. is registered to do business in California and has an office located at 1660 Queens Road, Los Angeles, CA 90069; (ii) Defendant conducts business within the State of California and this judicial district; (iii) Defendant has caused its products to be advertised, promoted, and sold under the GRAMMY trademark within the State of California and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (v) Defendant has caused tortious injury to The Recording Academy in the State of California and this judicial district.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Power Music, Inc. is registered to do business in California and has an office located at 1660 Queens Road, Los Angeles, CA 90069; (ii) Defendant conducts business within the State of California and this judicial district; (iii) Defendant has caused its products to be advertised, promoted, and sold under the

GRAMMY trademark within the State of California and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; (v) Defendant has caused tortious injury to The Recording Academy in the State of California and this judicial district.

## FACTS COMMON TO ALL COUNTS

**The Recording Academy and the Grammy Trademark**

9.     The Recording Academy has celebrated music through the GRAMMY Awards for more than 50 years, and it is the premier outlet for honoring achievements in the recording arts and supporting the music community.  The annual GRAMMY Awards presentation brings together thousands of creative and technical professionals in the recording industry from all over the world.

10.     Achieving a GRAMMY nomination or GRAMMY Award has been the highest recognition of achievement for sound recording artists and professionals since the first awards were presented in May 1959 to recognize musical excellence in works released the previous year.   From the inception of the awards ceremony, the glamour and prestige associated with the GRAMMY name has been undeniable, as Frank Sinatra led the pack of nominees with six nominations and many of music's elite were in attendance at the ceremony that evening, including Sinatra, Sammy Davis Jr., Dean Martin, and Gene Autry.

11.     Today, the GRAMMY Awards is an internationally televised event, which attracts over 25 million viewers annually.  Recipients of GRAMMY Awards at the most recent ceremony held in February 2015 include some of the biggest names in the music business, including Jay-Z, Beyonce, Tony Bennett, Lady Gaga, Carrie Underwood, Miranda Lambert, Eminem and Rihanna, to name a few.

12.     Bestowing a prestigious GRAMMY Award on artists and other industry professionals is not the only way in which The Recording Academy uses the GRAMMY mark to achieve its mission to positively impact the lives of musicians, industry members and society at large.  The Recording Academy achieves this goal

not only through recognizing the best in music through the GRAMMY Awards, but also by establishing itself as one of the preeminent arts advocacy and outreach organizations, which it accomplishes through GRAMMY-branded affiliates such as the GRAMMY Foundation and the GRAMMY Museum, among other affiliates, including MusiCares.

13.     The Recording Academy has used the mark GRAMMY in commerce continuously since at least 1959 and owns numerous trademark registrations for the term "GRAMMY."

14.     Among other registrations, The Recording Academy owns the following registrations (collectively, the "GRAMMY Registrations"):

a. U.S. Trademark Registration No. 887,642 (first use 1959), which the United States Patent & Trademark Office ("PTO") issued to The Recording Academy on March 10, 1970 for use in connection with association services, namely, promoting artistic progress and achievement in the field of recording arts and sciences.  A true and correct copy of this registration certificate is attached as Exhibit A;

b. U.S. Trademark Registration No. 1,865,177 (first use February 1, 1994), which the PTO issued to The Recording Academy on November 29, 1994, for use in connection with, among other things, audio compact discs and video tapes featuring musical entertainment.  A true and correct copy of this registration certificate is attached as Exhibit B; and

c. U.S. Trademark Registration No. 2,332,258 (first use 1958), which the PTO issued to The Recording Academy on March 21, 2000, for use in connection with educational services, namely, providing incentives to people to demonstrate excellence in the field of music and video arts and sciences through the issuance of awards.  A true and correct copy of this registration certificate is attached as Exhibit C.

15.     The GRAMMY Registrations are in full force and effect on the PTO's Principal Register and give rise to presumptions in favor of The Recording Academy with respect to validity, ownership, and exclusive rights to use the GRAMMY mark throughout the United States.  Moreover, the GRAMMY Registrations have become incontestable pursuant to 15 U.S.C. § 1065.

16.     As a result of The Recording Academy's extensive use of the GRAMMY mark nationwide over a period of more than 50 years, significant expenditure of resources to advertise and promote services and goods sold nationwide in a broad variety of trade channels in connection with the GRAMMY mark, and the undeniable popularity of the annual GRAMMY Awards ceremony and telecast, the GRAMMY trademark has a high degree of consumer recognition and has become famous.

**The Annual GRAMMY Awards Tribute Album**

17.     Since 1995, in the weeks leading up to the annual GRAMMY Awards ceremony, The Recording Academy has released an annual GRAMMY nominees album, featuring a compilation of that year's popular sound recordings that correspond to the songs, records, performances and albums nominated for a GRAMMY Award (the "Annual GRAMMY Nominees Album").

18.     The Recording Academy released the most recent Annual GRAMMY Nominees Album on January 20, 2015, less than three weeks before the 57th Annual GRAMMY Awards ceremony held on February 8, 2015.   Attached as Exhibit D is a copy of the cover for the 2015 Annual GRAMMY Nominees Album.

19.     The 2015 Annual GRAMMY Nominees Album features the chart-topping sound recordings corresponding to nominations for Record of the Year, Song of the Year, Best Pop Solo Performance, and Album of the Year, among others. In all, the album features the following 21 tracks:

Taylor Swift, Shake It Off

Iggy Azalea feat. Charli XCX, Fancy

1    Ed Sheeren, Sing

2    Ariana Grande feat. Iggy Azalea, Problem

3    Meghan Trainor, All About That Bass

4    Katy Perry feat. Juicy J, Dark Horse

5    Coldplay, A Sky Full of Stars

6    Miley Cyrus, Wrecking Ball

7    Sia, Chandelier

8    John Legend, All of Me (Live)

9    Hozier, Take Me to Church

10   Beyoncé feat. Jay Z, Drunk in Love

11   Pharrell Williams, Come Get It Bae

12   Sam Smith, Stay with Me (Dark Child Version)

13   Beck, Blue Moon

14   Keith Urban feat. Eric Church, Raise 'Em Up

15   The Band Perry, Gentle on My Mind

16   Tim McGraw feat. Faith Hill, Meanwhile Back at Mama's

17   Miranda Lambert with Carrie Underwood, Somethin' Bad (Duet With Carrie

18   Underwood)

19   Little Big Town, Day Drinking

20   Pharrell Williams, Happy (Live)

21         20.    Annual GRAMMY Nominees Albums were also released in 2014 and

22   2013 to coincide with the telecast of the annual GRAMMY Awards ceremony, and

23   they similarly feature the sound recordings corresponding to nominations for those

24   respective years.  Attached as Exhibits E and F are copies of the covers for the 2014

25   and 2013 Annual GRAMMY Nominees Albums.

26         21.    The Annual GRAMMY Nominees Album is available for purchase

27   online and in retail stores nationwide, including from iTunes, Amazon, BestBuy, and

28   Target, among others.  Attached as Exhibits G, H, and I are copies of the 2015, 2014

7

1  and 2013 Annual GRAMMY Nominees Albums as available for download on

2  iTunes.

3  **Defendant's Use of the GRAMMY mark**

4      22.    Defendant is well aware of the popularity and fame of The Recording

5  Academy's GRAMMY trademark and the goodwill represented and symbolized by

6  the mark.

7      23.    Nevertheless, with full awareness of that popularity, fame, and goodwill,

8  Defendant has undertaken unfairly and in bad faith to use the GRAMMY trademark

9  for the purpose of drawing attention to Defendant's products.

10     24.    Specifically, Defendant has been unfairly marketing, distributing, and

11  selling "GRAMMY Tribute" albums, which directly infringe The Recording

12  Academy's GRAMMY trademark and trade off the popularity of The Recording

13  Academy's Annual GRAMMY Nominees Album.

14     25.    Earlier this year defendant began to distribute an album titled

15  "GRAMMY Tribute Workout Mix 2015," which is available for sale on iTunes,

16  Amazon, and workoutmusic.com.  Attached as Exhibit J is a copy of the cover of the

17  "GRAMMY Tribute Workout Mix 2015."

18     26.    The GRAMMY mark is the first, largest, and most prominent word on

19  the cover of the Power Music "GRAMMY Tribute Workout Mix 2015" album,

20  claiming, or at a minimum suggesting, sponsorship by or affiliation with The

21  Recording Academy.

22     27.    Upon information and belief, Power Music released GRAMMY Tribute

23  Workout Mix 2015 on February 3, 2015, which is just two weeks after the 2015

24  Annual GRAMMY Nominees Album was released and less than a week prior to the

25  57th Annual GRAMMY Awards ceremony, which was held on February 8, 2015.  The

26  timing of this release was not coincidental:  Power Music released GRAMMY

27  Tribute Workout Mix 2015 at this time in order to trade off the popularity of the 2015

28  Annual GRAMMY Nominees Album.

28.     In another clear attempt to trade off the popularity of The Recording Academy's Annual GRAMMY Nominees Album, Power Music's GRAMMY Tribute Workout Mix 2015 almost exclusively contains track titles that are contained on The Recording Academy's 2015 Annual GRAMMY Nominees Album.

29.     Specifically, ten of the fourteen songs on the Power Music's GRAMMY Tribute Workout Mix 2015 are the same title songs that appeared on the Annual GRAMMY Nominees Album released in 2015.

30.     Specifically, Power Music's GRAMMY Tribute Workout Mix 2015 contains the following songs, the first ten of which also appear on the 2015 Annual GRAMMY Nominees Album:

Shake It Off

Fancy

All About That Bass

Dark Horse

Chandelier

All of Me

Take Me to Church

Drunk in Love

Stay with Me

Happy

Rather Be

Waves

Bang Bang

Let It Go

31.     However, (without informing consumers) none of the sound recordings on Power Music's GRAMMY Tribute Workout Mix 2015 are the chart-topping sound recordings popular with consumers nationwide.  Rather, while the musical

composition and lyrics of the songs on Power Music's album appear to be the same as the popularized hits, the sound recordings feature unknown artists.

32.     Thus, Power Music's GRAMMY Tribute albums are mere imposters for the Annual GRAMMY Nominees Album.

33.     The addition of the word "tribute" in the title of the album is not sufficient to notify a consumer that the album is not a "GRAMMY" album and that the tracks on Power Music's albums are not the actual GRAMMY-nominated hits.

34.     Instead, the words "Grammy tribute" are likely to suggest to a consumer that the album is a "tribute" produced or released by The Recording Academy itself, particularly given that The Recording Academy is known to present tributes to popular recording artists.

35.     In the past two years alone, The Recording Academy and its affiliates have presented three tribute concerts, celebrating the work of Stevie Wonder, Bruce Springsteen and The Beatles.

36.     Considering that The Recording Academy is an organization which itself honors musical excellence through tributes, and not a recording artist with a body of work to which tributes are given, the use of the word "tribute" in conjunction with the mark GRAMMY on the cover of Defendant's product is not sufficient to dispel confusion but rather will exacerbate the likelihood of confusion.

37.     Given the prominent placement of the GRAMMY mark, the timing of the album's release, the similarity in the tracks to those on the Annual GRAMMY Nominees Album, and The Recording Academy's presentation of tributes to performing artists, The Recording Academy's consumers are likely to mistakenly believe that (1) Defendant's GRAMMY Tribute albums originate from, are affiliated with, sponsored by, approved by, or associated with The Recording Academy; (2) Defendant's GRAMMY Tribute albums are The Recording Academy's Annual GRAMMY Nominees Album; and/or (3) that the sound recordings the consumer is

1    purchasing on Defendant's GRAMMY Tribute albums are the chart topping hits

2    nominated for that year's GRAMMY Awards, when in fact they are not.

3        38.    Indeed, upon information and belief, Defendant's use of the GRAMMY

4    mark has no purpose other than to confuse consumers and to profit from the goodwill

5    and consumer recognition associated with The Recording Academy and its

6    GRAMMY trademark.

7    **Defendant's Continued, Willful Infringement**

8        39.    On or about July 6, 2015, counsel for The Recording Academy put

9    Power Music on notice that its "GRAMMY Tribute Workout Mix 2015" infringes

10   The Recording Academy's rights in the GRAMMY mark.

11       40.    On or about July 7, 2015, Defendant responded to The Recording

12   Academy's counsel, denying that the GRAMMY Tribute Workout Mix 2015

13   infringes The Recording Academy's GRAMMY trademark and refusing to cease

14   their unlawful conduct.

15       41.    Despite being put on notice, Defendant continues to directly infringe

16   The Recording Academy's trademark.

17       42.    On July 14, 2015, The Recording Academy's counsel informed

18   Defendant that he would forward the e-mails regarding Defendant's unlawful use of

19   the GRAMMY trademark to The Recording Academy's litigation counsel.

20       43.    Defendant's failure to comply with The Recording Academy's demands

21   demonstrates a deliberate intent to continue to wrongfully compete with The

22   Recording Academy and to willfully infringe The Recording Academy's rights in the

23   GRAMMY trademark.

24       44.    Defendant's unlawful activities are irreparably injuring The Recording

25   Academy, and will continue to do so unless and until haled by this Court.  The

26   Recording Academy seeks permanent injunctive relief, disgorgement of profits made

27   by Defendant on the sale of the "GRAMMY Tribute" albums, including but not

28   limited to "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout

Mix 2014," and "GRAMMY Tribute Workout Mix 2013," treble damages based on Defendant's willful conduct, punitive damages and reasonable attorneys' fees.

<u>COUNT I</u>

**TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**

45.   The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

46.   The GRAMMY trademark is an inherently distinctive, strong, valid, and protectable trademark owned by The Recording Academy.

47.   Defendant is infringing The Recording Academy's registered trademark in connection with its marketing and sale of the GRAMMY Tribute albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.

48.   Defendant's use of the GRAMMY trademark in connection with its products is likely to cause confusion, mistake, or deception as to the source or sponsorship of the products and/or is likely to lead the consuming public to believe that The Recording Academy has authorized, approved, or somehow sponsored Defendant's products.

49.   Defendant's display or use of the GRAMMY trademark is and has been without the consent or authorization of The Recording Academy and for commercial purposes.

50.   The actions of Defendant described above and specifically, without limitation, Defendant's use of The Recording Academy's GRAMMY trademark on their products constitutes trademark infringement in violation of 15 U.S.C. § 1114.

51.   Defendant has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to The Recording Academy's reputation and the diminution of the goodwill of the GRAMMY trademark is difficult to ascertain with specificity.  The

1  Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. §

2  1116.

3       52.    Defendant is entitled to recover damages in an amount to be determined

4  at trial and the profits made by Defendant on the sales of its "GRAMMY Tribute"

5  albums, including among others the "GRAMMY Tribute Workout Mix 2015,"

6  "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix

7  2013" albums.  Furthermore, The Recording Academy is informed and believes, and

8  on that basis alleges, that the actions of Defendant were undertaken willfully and with

9  the intention of causing confusion, mistake, and deception, making this an

10 exceptional case entitling The Recording Academy to recover treble damages,

11 reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15

12 U.S.C. § 1117.

13                              **COUNT II**

14    **UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A)**

15       53.    The Recording Academy repeats and realleges every allegation

16 contained in paragraphs 1-44 as though fully set forth herein.

17       54.    Defendant has used in commerce and without The Recording

18 Academy's authorization or consent the GRAMMY trademark in connection with

19 Defendant's marketing and sale of GRAMMY Tribute albums, including among

20 others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout

21 Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.

22       55.    Defendant's actions as described herein are likely to cause confusion and

23 deception among the consuming public and are likely to lead the consuming public to

24 believe that The Recording Academy has authorized, approved, or somehow

25 sponsored Defendant's marketing and sale of GRAMMY Tribute albums, including

26 among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute

27 Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.

28

56.     Defendant's actions constitute false association, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

57.     The Recording Academy has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to The Recording Academy's reputation and the diminution of the goodwill of the GRAMMY trademark is difficult to ascertain with specificity.  The Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

58.     The Recording Academy is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant on the sales of GRAMMY Tribute albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.  Furthermore, The Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling The Recording Academy to recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, as well as prejudgment interest.

## COUNT III

## FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(B)

59.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

60.     Defendant has used in commerce and without The Recording Academy's authorization or consent the GRAMMY trademark in connection with Defendant's advertising and promotion of GRAMMY Tribute albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.

61.    Defendant's actions as described herein misrepresent the nature, characteristics, and qualities of the Defendant's albums.

62.    Defendant's actions constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

63.    The Recording Academy has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to The Recording Academy's reputation and the diminution of the goodwill of the GRAMMY trademark is difficult to ascertain with specificity.  The Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

64.    The Recording Academy is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant on the sales of GRAMMY Tribute albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.  Furthermore, The Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling The Recording Academy to recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, as well as prejudgment interest.

## COUNT IV

### TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)

65.    The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

66.    The Recording Academy is the owner of the GRAMMY trademark, which is and has become famous by virtue of, *inter alia*, its strong brand recognition, extent of use, extent of advertising, publicity, and nationwide usage.

67.     Defendant's foregoing willful and bad faith acts dilute and tarnish, and are likely to and will continue to dilute and tarnish, the distinctive qualities of The Recording Academy's trademark in violation of Section 43 of the Lanham Act, 15 U.S.C. 1125(c).

68.     Defendant's use of the GRAMMY trademark began after the GRAMMY trademark became famous.

69.     Defendant's acts described above have and will continue to impair the GRAMMY mark's ability to act as distinctive identifiers of source or origin, tarnish the GRAMMY mark and harm its reputation, and diminish the integrity of the products with which the GRAMMY mark is associated.

70.     The Recording Academy has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to The Recording Academy's reputation and the diminution of the goodwill of the GRAMMY trademark is difficult to ascertain with specificity.  The Recording Academy is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

71.     The Recording Academy is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant on the sales of GRAMMY Tribute albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.  Furthermore, The Recording Academy is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling The Recording Academy to recover treble damages, reasonable attorneys' fees, and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, as well as prejudgment interest.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT

72.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

73.     Defendant's conduct, as described above, concerning Defendant's "GRAMMY Tribute" albums, including among others the ""GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums, constitutes trademark infringement in violation of the common law of California.

74.     As a direct and proximate result of Defendants' conduct alleged herein, The Recording Academy has suffered injury and has lost money or property, causing damage to The Recording Academy in an amount to be determined at trial.

75.     Defendant's acts have caused, and will continue to cause, irreparable injury to The Recording Academy and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

## COUNT VI

### TRADEMARK DILUTION

### IN VIOLATION OF CAL. BUS. & PROF. CODE § 14247

76.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

77.     The Recording Academy is the owner of the GRAMMY trademark, which is famous and distinctive within the meaning of Cal. Bus. & Prof. Code §14247.

78.     Defendant's use of the GRAMMY trademark began after the GRAMMY trademark became famous.

79.     Defendant's continued use of the GRAMMY trademark is likely to cause dilution of the distinctive quality of The Recording Academy's famous GRAMMY trademark and injury to Defendant's business and reputation.

80.     The Recording Academy has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.  The Recording Academy has no adequate remedy at law in that the amount of damage to The Recording Academy's reputation and the diminution of the goodwill of the GRAMMY trademark is difficult to ascertain with specificity.  The Recording Academy is therefore entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 14247.

81.     On information and belief, the actions of Defendant described herein were and continue to be deliberate and willful.  The Recording Academy is therefore entitled to the remedies set forth in Cal. Bus. & Prof. Code § 14250, including recovery in an amount to be determined at trial of up to three times Defendant's profits from, and up to three times all damages suffered by reason of, Defendant's sale of its "GRAMMY Tribute" albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums.

## COUNT VII

### UNFAIR OR DECEPTIVE ACTS OR PRACTICES

### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq*.

82.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-44 as though fully set forth herein.

83.     Members of the public are likely to be confused and deceived into believing that Defendant's "GRAMMY Tribute" albums, including among others the "GRAMMY Tribute Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY Tribute Workout Mix 2013" albums, is sponsored by or affiliated with The Recording Academy.

84.     Defendant's conduct as described herein constitutes unfair, unlawful and/or fraudulent business practices that have injured and will continue to injure The

1 Recording Academy's business in violation of Cal. Bus. & Prof. Code §§ 17200, *et*

2 *seq.*

3      85.    Defendant's acts have caused, and will continue to cause, irreparable

4 injury to The Recording Academy and its business, reputation, and trademarks, unless

5 and until Defendant is permanently enjoined.

6      86.    As a direct and proximate result of Defendants' conduct alleged herein,

7 Defendant has been unjustly enriched and should be ordered to disgorge any and all

8 profits earned as a result of such unfair, unlawful and/or fraudulent conduct.

9 **COUNT VIII**

10 **FALSE ADVERTISING**

11 **IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500, *et seq*.**

12      87.    The Recording Academy repeats and realleges every allegation

13 contained in paragraphs 1-44 as though fully set forth herein.

14      88.    Defendant's conduct, as described above, concerning Defendant's

15 "GRAMMY Tribute" albums, including among others the "GRAMMY Tribute

16 Workout Mix 2015," "GRAMMY Tribute Workout Mix 2014," and "GRAMMY

17 Tribute Workout Mix 2013" albums, constitutes the dissemination of untrue and

18 misleading statements, which Defendant knows, or should have known by the

19 exercise of reasonable care, are untrue or misleading.

20      89.    Defendant's conduct as described above is in violation of Cal. Bus. &

21 Prof. Code §§ 17500, *et seq*.

22      90.    As a direct and proximate result of Defendants' conduct alleged herein,

23 The Recording Academy has suffered injury and has lost money or property as a

24 result of such untrue or misleading statements, causing damage to The Recording

25 Academy in an amount to be determined at trial.

26      91.    Defendant's acts have caused, and will continue to cause, irreparable

27 injury to The Recording Academy and its business, reputation, and trademarks, unless

28 and until Defendant is permanently enjoined.

# **PRAYER FOR RELIEF**

WHEREFORE, The Recording Academy prays for judgment as follows:

1.      Temporarily, preliminarily and permanently enjoining Power Music, Inc., its officers, agents, servants and employees, and all persons in active concert and participation with it, from:

(a)      Using the GRAMMY mark in connection with the marketing, promotion, advertising, sale, or distribution of any of its music products; and

(b)      Any acts of infringement of The Recording Academy's GRAMMY trademark.

2.      Directing that Defendant be required to recall from the trade and all distribution channels any and all products, packaging, advertising and promotional materials bearing the infringing and diluting marks;

3.      Directing that Defendant be required to file with the Court and serve on The Recording Academy, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4.      Directing that Defendant account to The Recording Academy for all gains, profits, and advantages derived from their wrongful conduct described herein;

5.      Directing that Defendant pay The Recording Academy such damages as it has sustained as a consequence of Defendant's wrongful conduct described herein, with the precise amount to be determined at trial;

6.      Directing that Defendant pay The Recording Academy punitive damages, in an amount to be determined at trial, as a result of Defendant's malicious, wanton and/or oppressive conduct pursuant to Cal. Civ. Code § 3294;

7.      Directing that Defendant pay the Recording Academy three times all of Plaintiffs' damages suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as The Recording Academy's costs, attorneys' fees, and expenses in this suit under Cal. Bus. & Prof. Code §§ 14247

1  and 14250 and because this is an "exceptional case" under Section 35 of the Lanham

2  Act, 15 U.S.C. § 1117;

3        8.     Directing that defendants pay to The Recording Academy pre- and

4  post-judgment interest;

5        9.     Directing such other action as the Court may deem just and proper to

6  prevent the trade and public from deriving the mistaken impression that any products

7  or services offered, advertised, or promoted by or on behalf of Defendants are

8  authorized by or affiliated with The Recording Academy or related any way to The

9  Recording Academy's products or services; and

10       10.    Granting The Recording Academy such other and further relief as the

11 Court may deem just and proper.

12

13 DATED:  September 3, 2015              Sandra A. Crawshaw-Sparks
                                         Jennifer L. Jones
14                                       Tracey L. Silver
                                         PROSKAUER ROSE LLP
15

16

17                                       /s/ Jennifer L. Jones
                                            Jennifer L. Jones
18

19                                       Attorneys for Plaintiff
                                         National Academy of Recording Arts &
20                                       Sciences, Inc.

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff National Academy of Recording Arts & Sciences, Inc. hereby

3   demands a trial by jury.

4

5   DATED:  September 3, 2015                    Sandra A. Crawshaw-Sparks
                                                 Jennifer L. Jones
6                                                Tracey L. Silver
                                                 PROSKAUER ROSE LLP
7

8

9                                                /s/ Jennifer L. Jones
                                                     Jennifer L. Jones
10
                                                 Attorneys for Plaintiff
11                                               National Academy of Recording Arts &
                                                 Sciences, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28